# ✗ 1

☒ FILED       ___ LODGED
___ RECEIVED   ___ COPY

FEB 11 2026

CLERK U·S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## UNITED STATES DISTRICT COURT

for the

_____ District of _____

_____ Division

MANONDA GRACE Lattimore )
)
)
)
)

**Plaintiff(s)**
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

United States of America (DOL)
United states Department of Labor
Secretary of Labor, in her official Capacity

**Defendant(s)**
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

Case No. **CV26-00952-PHX-MTL**

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name     MANONDA GRACE Lattimore
Street Address     P.O BOX 2743 # 2007002
City and County     Carson City, NV 89702
State and Zip Code     Carson city County
Telephone Number     702-249-0117
E-mail Address     MANONDAlattimore@gmail.com

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

#2

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

_____ Division

MANONDA GRACE LATTIMORE

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

_____

**Plaintiff(s)**
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

Occupational Safety and Health
Administration (OSHA; office of
Administrative Law Judges (U.S.
Department of Labor)

**Defendant(s)**
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑Yes ☐No

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | MANONDA GRACE LATTIMORE |
| Street Address | P.O BOX 2743 # 2007002 |
| City and County | Carson City, NV 89702 |
| State and Zip Code | Carson City County |
| Telephone Number | 702-249-0117 |
| E-mail Address | MANONDALATTIMORE@gmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Page 1 of 5

*Additional Sheet*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**Defendant No. 1**

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

United States of America
Attorney General of The United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Pay 1 of 2

**Defendant No. 2**

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

**Defendant No. 3**

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

**Defendant No. 4**

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

Name United States Department of Labor

Job or Title *(if known)*

Street Address 200 Constitution Avenue, NW

City and County

State and Zip Code Washington, D.C 20210

Telephone Number Civil Clerk process

E-mail Address *(if known)*

Defendant No. 2

Name Occupational Safety and Health

Job or Title *(if known)* Administration (OSHA)

Street Address 200 Constitution Avenue, NW

City and County Room S-2315

State and Zip Code Washington, D.C 20210

Telephone Number Civil Clerk process

E-mail Address *(if known)*

Defendant No. 3

Name Office of Administrative Law

Job or Title *(if known)* Judges (U.S. Department of Labor)

Street Address 200 Constitution Avenue, NW

City and County Room S-4325

State and Zip Code Washington, D.C 20210

Telephone Number Civil Clerk Process

E-mail Address *(if known)*

Defendant No. 4

Name Secretary of Labor (in official capacity)

Job or Title *(if known)*

Street Address 200 Constitution Avenue, NW

City and County Washington D.C 20210

State and Zip Code

Telephone Number Civil Clerk process

E-mail Address *(if known)*

Additional Sheet attached
Defendant

Page 2 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

*U.S. Const. amend. V and IV; 28 U.S.C. §1331; 5 U.S.C. §702. – Action for declaratory vacatur relief concerning administrative actions undertaken without lawful Authority and continued after Notice.*

### B.     If the Basis for Jurisdiction Is Diversity of Citizenship

1.     The Plaintiff(s)          *N/A*

a.     If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.     If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ ,

and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

a.     If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

Page 3 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

   b.    If the defendant is a corporation

         The defendant, *(name)* _____ , is incorporated under

         the laws of the State of *(name)* _____ , and has its

         principal place of business in the State of *(name)* _____ .

         Or is incorporated under the laws of *(foreign nation)* _____ ,

         and has its principal place of business in *(name)* _____ .

         *(If more than one defendant is named in the complaint, attach an additional page providing the
         same information for each additional defendant.)*

   3.    The Amount in Controversy

         The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at
         stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

         _____

         _____

III.   **Statement of Claim**   Please see attached supplemental paperwork answering this statement of claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the
facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was
involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including
the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and
write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

This action concerns administrative adjudication. The adjudication actions were undertaken without lawful authority and continued after Notice of defect. Plaintiff seeks declaratory relief, vacatur as void, and injunctive relief barring further use or reliance upon those records. Plaintiff Does not seek review of OSHA's underlying Investigation or allegations.

IV.   **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal
arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include
the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any
punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or
punitive money damages. Plaintiff asks the court to declare that the administrative adjudicative actions in ALJ Case No. 2025-Air-00038 and ARB Case No. 2025-0089 arising from OSHA Case No. 3010549 80, were undertaken without lawful authority and are void; to vacate those actions and records; and to enjoin further use or reliance upon them; declare Plaintiff sustained constitutional injury as a result of being subjected to administrative adjudication undertaken without lawful authority, without review of the underlying OSHA investigation or Allegations.

Page 4 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    2/11/2026

Signature of Plaintiff    *Manonda Grace Lattimore*

Printed Name of Plaintiff    MANONDA GRACE LAttimore

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    N/A

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

UNITED STATES DISTRICT COURT
[District]

MANONDA GRACE LATTIMORE,                    Case No. _____
Plaintiff,

v.

UNITED STATES OF AMERICA;
U.S. DEPARTMENT OF LABOR;
SECRETARY OF LABOR, in her official capacity;
OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION (OSHA); and
OFFICE OF ADMINISTRATIVE LAW JUDGES (U.S. Department of Labor).
Defendants.
_____/

**COMPLAINT FOR VACATUR AND DECLARATORY RELIEF**

Plaintiff alleges as follows:

---

**I. Jurisdiction**

1. This action arises under the Constitution and laws of the United States and presents a federal question within the meaning of 28 U.S.C. § 1331.

2. This action presents the federal question of whether executive-branch administrative adjudication undertaken without lawful adjudicative authority—and continued after notice of that defect—violates the Fifth Amendment and procedural due process, and constitutes an unconstitutional use of official process cognizable under the Fourth Amendment.

3. Sovereign immunity is waived for this action pursuant to 5 U.S.C. § 702, solely to permit claims for declaratory and prospective relief.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e).

## II. Parties

4. Plaintiff is an individual subjected to executive-branch administrative adjudication challenged herein.

5. Defendant United States of America is named because the challenged actions were undertaken by executive agencies and officers of the United States.

6. Defendant United States Department of Labor is the department responsible for the administrative adjudication at issue.

7. Defendant Office of Administrative Law Judges, U.S. Department of Labor, is the adjudicative component before which the challenged proceedings were conducted.

8. Defendant Secretary of Labor, in her official capacity, is named as the official responsible for the administration and supervision of the challenged adjudicative process.

9. Where reflected in the administrative record, Occupational Safety and Health Administration (OSHA) is named in its official capacity based on its role in initiating the underlying matter.

10. No private parties or individuals are named. Plaintiff seeks only institutional and prospective relief addressing the legal validity and effect of administrative actions taken without adjudicative authority.

## III. Challenged Proceeding

11. This action challenges administrative adjudication conducted before the U.S. Department of Labor, Office of Administrative Law Judges, ALJ Case No. 2025-AIR-00038, and the

related appellate proceeding before the Administrative Review Board, ARB Case No. 2025-0089, which arose from OSHA Case No. 301054980.

12. Plaintiff does not seek review of the merits of any underlying allegations investigated by OSHA.

13. This action challenges only the existence and exercise of adjudicative authority in the identified administrative proceedings.

14. Despite notice that the adjudicative forums lacked authority to adjudicate constitutional injury, official-appearing administrative process continued in those proceedings.

## IV. Constitutional Injury

15. Plaintiff was subjected to official-appearing administrative adjudication undertaken without lawful adjudicative authority.

16. Continued reliance on and publication of the challenged adjudicative records after notice caused ongoing constitutional injury, including violations of the Fifth Amendment and procedural due process, and injury cognizable under the Fourth Amendment through coercive use of official process lacking authority.

17. These injuries arise from the absence of adjudicative authority and post-notice continuation, independent of the merits of any underlying allegations.

18. June 3, 2025 – OSHA complaint filed.

   June 12, 2025 – OSHA Secretary's Findings issued.

   July 2025 – OALJ proceeding docketed (ALJ Case No. 2025-AIR-00038).

September 5, 2025 – Notice of authority defect provided.

Administrative filings and reliance on the record continued thereafter, including after notice of the authority defect and during proceedings in additional tribunals; such continuation was without lawful authority, and injury remains ongoing.

## V. Declaratory Relief — Constitutional Injury

18. An actual and justiciable controversy exists between the parties regarding whether Defendants subjected Plaintiff to administrative adjudication undertaken without lawful authority.

19. Defendants continued official-appearing administrative adjudication after notice that the adjudicative forums lacked authority to adjudicate constitutional injury.

20. As a result, Plaintiff sustained constitutional injury, including violations of the Fifth Amendment and procedural due process, and injury cognizable under the Fourth Amendment, arising from post-notice continuation and reliance on a void adjudicative record.

21. Declaratory relief is necessary and appropriate to state these constitutional injuries for the record and to clarify the legal effect of the challenged adjudicative actions.

## VI. Injunctive Relief

22. Defendants' continued use, publication, or reference to the challenged adjudicative records arising from ALJ Case No. 2025-AIR-00038 and ARB Case No. 2025-0089, after notice of the absence of adjudicative authority, causes ongoing and irreparable injury.

23. Injunctive relief is necessary to prevent continued reliance on and dissemination of a void adjudicative record, to preserve the status quo pending final adjudication, and to prevent further constitutional injury.

## VII. Jury Demand (Reserved)

24. Plaintiff hereby demands a jury trial on all issues so triable by a jury and expressly reserves the right to proceed before a jury on any legal claims for damages or other relief that may arise or remain following the Court's determination of threshold authority, vacatur, and declaratory relief.

## VIII. Prayer for Relief

Plaintiff respectfully requests that the Court:

(a) declare that administrative actions taken in ALJ Case No. 2025-AIR-00038 and ARB Case No. 2025-0089, arising from OSHA Case No. 301054980, were undertaken without adjudicative authority and are void;

(b) declare that Plaintiff sustained constitutional injury as a result of being subjected to administrative adjudication undertaken without lawful authority, including violations of the Fifth

Amendment and procedural due process, and injury cognizable under the Fourth Amendment, arising from post-notice continuation and reliance on a void adjudicative record;

(c) vacate the challenged adjudicative actions and resulting records in full;

(d) permanently enjoin Defendants from any further use, reliance upon, enforcement, publication, or reference to the vacated adjudicative records for any purpose;

(e) pending final adjudication, temporarily enjoin Defendants from public-facing use or publication of the challenged adjudicative records and require removal from publicly accessible platforms to preserve the status quo; and

(f) grant such other and further prospective relief as the Court deems just and proper.

---

**Notice Regarding Mail Processing:** Plaintiff is a participant in the State of Nevada Confidential Address Program. As a result, official mail is routed through a protected forwarding process. Plaintiff respectfully requests that the Court and parties account for any slight delay in processing or receipt of mailed notices or orders attributable to this program.

Respectfully submitted,

Manonda Grace Lattimore
Pro se Plaintiff
P.O. Box 2743 #2007002
Carson City, NV 89702
702-249-0117
Date: February 11, 2026