**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manonda Grace Lattimore, | No. CV-26-00952-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, et al., | |
| Defendants. | |

This matter is before the Court on its own review of the record and of Plaintiff Manonda Lattimore's amended complaint (Doc. 18). The defendants have not yet appeared or responded to the amended complaint. The Court finds that venue is not proper in this District and transfers this action to the District of Nevada.

**I.**

Plaintiff is a resident of Nevada. (Doc. 18 at 2; *see also* Doc. 18-1 at 1.) She names the Office of Administrative Law Judges for the United States Department of Labor, the United States Attorney General, the Occupational Safety and Health Administration, the Secretary of Labor, and the Department of Labor as defendants. (Doc. 18 at 3-4.) Lattimore challenges two administrative agency adjudications on grounds that they were "undertaken without lawful adjudicative authority . . . , resulting in ongoing constitutional injury." (*See id.* at 7.) She seeks declaratory and injunctive relief, as well as a vacatur of "all orders, decisions, and administrative records arising from [the administrative] proceedings." (*Id.* at 8.)

**II.**

The Court may raise the issue of venue when the defendants have not yet filed a responsive pleading and the time for doing so has not yet run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "[M]ost courts hold that the plaintiff bears the burden of establishing proper venue." *Nissan Motor Co. v. Nissan Comput. Corp.*, 89 F. Supp. 2d 1154, 1161 (C.D. Cal. 2000).

28 U.S.C. § 1391(e)(1)—which applies in actions like this one where a defendant is the United States or one of its agencies or officers or employees "acting in his official capacity or under color of legal authority"—states, in relevant part, that a civil action may be brought in "any judicial district in which" (1) "a defendant in the action resides," (2) "a substantial part of the events or omissions giving rise to the claim occurred," or (3) "the plaintiff resides if no real property is involved in the action." Plaintiff's amended complaint does not indicate that the District of Arizona is the correct venue under any of these statutory options.

Plaintiff resides in Nevada. (Doc. 18 at 2; Doc. 18-1 at 1.) The defendants consist of United States agencies and officers, (Doc. 18 at 3-4), and such defendants are typically deemed to reside in Washington, D.C. *See, e.g.*, *Chorostecki v. Blinken*, 742 F. Supp. 3d 1078, 1081 (C.D. Cal. 2024) ("Courts generally agree that federal defendants reside in Washington, D.C. for venue purposes . . . ."); *Archuleta v. Sullivan*, 725 F. Supp. 602, 605 (D.D.C. 1989) (stating that for "an officer or employee of the United States, or any agency thereof, acting in his official capacity, . . . the place where the defendant resides is not the defendant's personal residence but his *official* residence, *i.e.*, where his official duties are performed"); *see also Garcia v. Acosta*, 393 F. Supp. 3d 93, 108 (D.D.C. 2019) (finding that the Secretary of Labor and the Department of Labor reside in the District of Columbia); *Downey v. United States*, Civ. No. 19-00406 LEK-WRP, 2019 WL 4143288, at *3 (D. Haw. Aug. 30, 2019) ("[T]he Department of Justice, as well as the Attorney General . . . whom Plaintiff is suing in [his] official capacit[y], are residents of Washington D.C. for purposes of the venue analysis."). Indeed, Plaintiff provides Washington, D.C.

- 2 -

addresses for all defendants. (*See* Doc. 18 at 3-4.)

Further, nothing in the amended complaint indicates that a "substantial part of the events or omissions giving rise to the claim occurred" in the District of Arizona, 28 U.S.C. § 1391(e)(1), or that *any* pertinent event or omission occurred in this District (*see generally* Doc. 18). In fact, Plaintiff indicated on her civil cover sheet that her claim for relief arose outside of Arizona. (Doc. 18-1 at 1.) Venue is therefore proper in at least the District of Nevada and the District for the District of Columbia, considering the above. But, at bottom, the District of Arizona is not implicated.

**III.**

When venue has been laid in the wrong district, the Court must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Whether to dismiss or transfer the case is within the Court's discretion. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

As indicated above, this action could have been brought in the District of Nevada or the District for the District of Columbia. The Court finds a transfer to the District of Nevada, where Plaintiff resides, is in the interest of justice.

Accordingly,

**IT IS ORDERED** that the Clerk of Court must transfer this action to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1406(a). The Clerk of Court must close this case.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

- 3 -

**IT IS FURTHER ORDERED** that the Motion to Vacate Void Administrative Adjudicative Actions for Lack of Authority (Doc. 3) and the Motion for Preliminary Injunctive Relief to Bar Reliance on Challenged Adjudicative Record Pending Final Determination (Doc. 23) are left to the discretion of the transferee court for resolution.

Dated this 3rd day of April, 2026.

Michael T. Liburdi
United States District Judge